MICHAEL BRADY, appellant,

*v.*

THE CARTERET REALTY COMPANY et al., respondents.

[Argued March 6th, 1907.   Decided June 17th, 1907.]

1. The clause in section 5 of the act to quiet titles (*3 Gen. Stat. p. 3487*), which enacts that when an issue at law shall be directed to try the validity of a claim of title to land, the court of chancery shall be bound by the result of such issue, is constitutional.

2. The previous determination in this case by this court that the power conferred upon the court of chancery to take jurisdiction of this class of suits and to award a feigned issue was not in conflict with the constitution, and the further determination that the order of the chancellor refusing a new trial of the issue should be affirmed involved and settled the constitutionality of the entire provision respecting a trial at law and the finality of the verdict thereon.

On appeal from a decree of the chancellor, whose opinion is reported in *68 N. J. Eq. (2 Robb.) 55.*

*Mr. Ephraim Cutter* and *Mr. Willard P. Voorhees,* for the appellant.

*Messrs. Collins & Corbin,* for the respondents.

The opinion of the court was delivered by

REED, J.

This appeal is a supplement to a previous appeal decided in this court, and reported in *70 N. J. Eq. (4 Robb.) 748.*

The former appeal brought up a refusal of the chancellor to order a new trial of a feigned issue after a verdict was returned for the realty company.  On that appeal the jurisdiction of the court of chancery to direct a feigned issue was challenged on

the ground that the parties were entitled to a jury trial in an action at law. The jurisdiction of the court to award such an issue was vindicated, the court holding that the legislature possessed the power to confer upon the court of chancery the right to entertain suits to quiet title, and that the power to award a feigned issue was an inherent incident of such a suit.

The court also affirmed upon its merits the order of the chancellor refusing to grant a new trial. Thereafter a decree was entered in favor of the realty company in conformity with the verdict of the jury. The present appeal is from the decree thus entered upon the verdict of that jury.

Brady now insists that, conceding the ability of the legislature to confer upon the court of chancery the right to entertain a suit to quiet title and to award a feigned issue therein, nevertheless the legislature had not the ability to bind the conscience of the chancellor by giving to the verdict rendered upon such feigned issue the quality of finality, save as to errors occurring in the trial.

The former appeal attacked this feature of the act to quiet title as one which stripped the courts of law of a faculty exclusively preserved to them by the constitution. This appeal challenges the constitutionality of the act on the ground that it deprives the court of chancery of one of its jurisdictional faculties secured by the constitution.

If the question now mooted can be regarded as still open in this case, we think that the appellant's insistence is entirely untenable. It goes without saying that the quality of finality given to the verdict by the statute strips the courts of common law of none of their faculties preserved to them by the constitution, nor is it perceived in what way it denudes the court of chancery of any of its powers as they existed at the time of the adoption of our constitution.

The bill in this case was not filed by the appellant for any relief which was administered by the court of chancery at that time. The bill was filed under the act to quiet title. The ground of relief was created by that act as well as the method of procedure. Although this suit is equitable in its nature, it was one

unrecognized by the court of chancery previous to the enactment of the questioned statute.

Therefore the legislature, in providing for a trial at law upon demand of the party and for a conclusive verdict, deprived the court of chancery of none of its constitutional powers. Instead of depriving, it conferred a power, and the extent of that power, and the manner in which it should be exercised, was a question for legislative discretion.

Although an opinion is thus expressed upon the merits of the question, it is not to be admitted that, after the decision of the previous appeal, this question is now open for discussion in this court.

This court in the former decision recognized the verdict and the chancellor's order thereon as valid under the *Quia Timet* act. Those features of this statute were such a material part of the legislative scheme that it would seem impossible to declare that the statutory provisions for a verdict and for a review of the verdict were valid, and at the same time declare that the finality given to the verdict was a nullity. Finality is such an inseparable incident of the verdict that, if it is vicious, the whole provision for the verdict would be vicious.

The decree should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, REED, TRENCHARD, BOGERT, VROOM, GREEN, GRAY, DILL—12.

*For reversal*—None.